RECEIVED APR 27 2017 CLERK, U.S. DISTRICT COURT RICHMOND, VA

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

3:17cv326

**LESLEY BARR,**

    Plaintiff,

    v.    **JURY TRIAL DEMANDED**

**VIRGINIA ALCOHOL BEVERAGE CONTROL (VABC); LAURA KATE SHEEHAN, Regional Manager (VABC); BEVERLY ANDERSON, Employee (VABC),**
    Defendants.

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, LESLEY BARR (hereafter "LB"), who complains against the Defendants as follows:

### PRELIMINARY STATEMENT

This is an Employment Discrimination on the basis of Race, Age and Sexual Orientation, and Retaliation Complaint, inter alia, brought by a citizen of the United States of America who lives in Virginia seeking recovery of damages and alleging violations of Title VII of the Civil Rights Act of 1964, and any amendments, inter alia, and 42 USC Sec. 1983, and a conspiracy by Defendants to do all the above and below.

Plaintiff seeks nominal, compensatory, back pay, and punitive damages, in addition to injunctive relief and Declaratory Judgment, attorney fees, and all costs associated with bringing and maintaining these actions.

### JURISDICTION AND VENUE

Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. 1331 (Federal Question).

This Court has supplemental jurisdiction pursuant to 42 U.S.C. Secs. 2000e-5(f)&(g), 42 U.S.C. Secs. 1981(a) & (b), and the damages provisions of 42 U.S.C. Sec. 1981a(b), inter alia, in that Plaintiff alleges violations of the Civil Rights Act of 1964, the Equal Pay Act (EPA), 42 USC Secs. 1985(3) and 1986, and is entitled to recover compensatory, punitive, and back-pay damages, in addition to other relief.

Plaintiff additionally invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. Sec. 1367 to hear and decide LB's State Law Claims pursuant to the Virginia Human Rights Act, Virginia Code § 2.2-3900, et seq., and the State Law Tort of Intentional Infliction of Emotional Distress.

Venue is proper pursuant to 28 U.S.C. Sec. 1391(b)(1)&(2). All Defendants are located in the Eastern District of Virginia, and the events surrounding the claims occurred in the Eastern District of Virginia, City of Richmond; Richmond, VA, therefore, is the most convenient site for all parties involved.

### Parties

1. Plaintiff Lesley Barr ("LB") is a citizen of the Commonwealth of Virginia, and resides in Richmond, VA., now and at the time the violations complained of herein occurred.

2. Defendant Virginia Alcohol Beverage Control ("VABC"), is a corporation owned and operated by the Commonwealth of Virginia, doing business in the entire Commonwealth and, in the instant matter, specifically the City of Richmond, with corporate headquarters located at 2901 Hermitage Road, Richmond, VA 23220. Defendant VABC is sued in its individual and official capacity.

3. Defendant Laura Kate Sheehan ("LKS") is a citizen of the Commonwealth of

Virginia, is a Regional Manager at Defendant VABC, resides in the Eastern District of Virginia, and is responsible for the unlawful acts and practices of VABC against Plaintiff LB. She is sued in her individual and official capacities.

4. Defendant Beverly Anderson ("BA") is a citizen of the Commonwealth of Virginia, is an employee of Defendant VABC, and resides in the Eastern District of Virginia, at the time the violations complained of herein occurred. She is sued in her individual and official capacities.

## FACTS

5. On October 4, 2010, LB was hired by VABC as a Sales Associate at $10.00 per hour. On April 26, 2013, LB was promoted to Lead Sales Associate and, at the time of termination, was earning $10.69 per hour.

6. LB applied for promotions to such positions as legal clerk, assistant manager, and manger, a number of times since 2013, as well as for raises, but was denied every time for erroneous reasons.

7. A White female employee, who happens to be best of friends with the Regional Manager, Defendant Laura Kate Sheehan, was promoted to manager despite the fact that she had not worked for VABC longer than LB nor had she performed managerial functions as LB had.

8. LB was terminated on March 18, 2016, and was given neither verbal nor written notice/counseling prior to termination, even though she performed assistant managerial and managerial functions, on a continuous basis, at Store 187.

9. Under said circumstances, LB was entitled to the same employment protections, due process and equal protection, as a classified employee, but was given neither.

10. The conduct that LB was alleged to have committed to cause her termination is conduct that every employee at Store 187 engaged in on a daily basis; therefore, LB was singled out by the new employee, Defendant Beverly Anderson, and Regional Manager Defendant Sheehan, for unequal treatment and termination, without the protections of SOP 403-0018, Due Process and/or Equal Protection.

11. Defendant Beverly Anderson, a Sales Associate, who had been working at the store for less than 6 months, continuously complained to the Human Resources office about her number of working hours, and other complaints about the store; yet LB was the only person for which the videos were allegedly canvassed and reviewed for abuse of discretionary breaks during working hours. Everyone else at the store conducted themselves in the same manner, and no one else's conduct was reviewed on the video tapes nor anyone else disciplined.

12. Defendant Beverly Anderson wore her religious convictions on her sleeve at work and would continuously "preach" to other employees from her Christian, churchwoman pulpit. She would give LB inappropriate looks, and also say things under her breath, with regard to LB being lesbian, which goes against BA's so-called Christian beliefs.

13. Defendant BA communicated her feelings to Defendant Laura Sheehan, and Laura Sheehan, with this discriminatory outlook, in addition to her being pro-White, instructed the store manager, on information and belief, to terminate LB without any warning, counseling, or protections.

14. LB requested a grievance hearing to contest her termination without protections and for no good cause, but was told that she was not protected, couldn't appeal, and was not entitled to a hearing.

4

15. LB filed a grievance with the EEOC and Virginia Division of Human Rights on September 12, 2016. On January 26, 2017, the EEOC made the following determination:

> "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

16. The EEOC issued a 90-day Right-to-Sue Letter, dated January 26, 2017, post-marked January 27, 2017, and received by LB on January 28, 2017, in the mail.

17. Despite the EEOC claiming that it was unable to conclude that violations occurred based on the information obtained, LB was never notified of nor provided any information allegedly obtained from Defendants VABC, LKS and/or BA, in response to the EEOC Complaint. In fact, LB has no indication that EEOC sought or obtained any information/responses from Defendants.

18. It should also be noted that LB was never given a copy of any termination document containing the necessary signatures of the appropriate personnel that the law and rules require.

19. LB sought additional evidence that can be presented in her favor, and asked the EEOC to assist her in that endeavor; however, said documents/information/evidence from VABC has never been produced.

20. LB was, and is, devastated by her treatment at VABC, and particularly by Defendant Regional Manager Laura Kate Sheehan. She was treated differently than others similarly situated; she was discriminated against on the basis of her race as a Black woman, and on the basis of her sexual orientation as a lesbian; she was not provided the protections she was entitled to regarding due process, equal protection, a hearing, and an

appeal; she was deprived of her property, property rights and property interests, in violation of administrative due process and equal protection, and the Due Process and Equal Protection of both the Virginia and United States Constitutions.

## CLAIMS FOR RELIEF

21. Plaintiff LB incorporates by reference paragraphs 5-20 as if recited in full herein.

22. Defendants herein, and each of them, individually and collectively, have conspired to, and did, retaliate against Plaintiff LB by terminating her employment for complaining about the hostile working environment and failure to promote and/or grant a raise.

23. Defendants herein, and each of them, individually and collectively, conspired to, and did, discriminate against Plaintiff LB in the workplace on the basis of her race because she is Black.

24. Defendants herein, and each of them, individually and collectively, conspired to, and did, discriminate against Plaintiff LB in the workplace on the basis of her gender as a Black woman.

25. Defendants herein, and each of them, individually and collectively, jointly and severally, conspired to, and did, discriminate against Plaintiff LB in the workplace on the basis of her sexual orientation, as she is openly lesbian.

26. Defendants, and each of them, individually and collectively, jointly and severally, conspired to, and did, subject Plaintiff LB to such discrimination and harsh/hostile working conditions that LB suffered extreme emotional distress and continued embarrassment. This was knowing, willful, and intentional, and all to the detriment of

Plaintiff.

27. Defendants, and each of them, individually and collectively, jointly and severally, conspired to, and did, deprive Plaintiff of her rights under the Equal Pay Act by not giving her a raise to compensate her for the duties she was performing where male employees either performing the same tasks, or less, were paid at a higher rate.

28. Defendants, and each of them, individually and collectively, jointly and severally, conspired to, and did, retaliate against LB for complaining about not being promoted nor given a raise commensurate with the duties she was performing.

29. Defendants, and each of them, individually and collectively, jointly and severally, conspired to, and did, deprive LB of rights guaranteed under 42 USC Secs. 1983, 1985(3) and 1986, because she is a lesbian, and failed to prevent and/or correct the unconstitutional conduct when brought to VABC's attention.

30. Defendants, and each of them, individually and collectively, jointly and severally, conspired to, and did, deprive LB of her property, property rights, and property interests, without Due Process and Equal Protection of the Laws.

## **DEMAND FOR RELIEF**

A. Plaintiff seeks the award of compensatory damages in the amount of Two-Hundred Fifty Thousand Dollars ($250,000.00) as against each Defendant, separately, for each Claim, for the conduct set forth in this Complaint.

B. Plaintiff seeks the award of punitive damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) as against each Defendant, separately for each Claim, for the conduct set forth in this Complaint.

C. Plaintiff seeks back pay commensurate with the job positions she performed, at

7

the reasonable going rates set for these professional positions, under the EPA.

D. Plaintiff seeks back pay commensurate with the job positions she performed, at the reasonable going rates set for these professional positions, under Title VII, and the Due Process and Equal Protection Clauses of the U.S. Constitution.

E. Plaintiff seeks compensatory, punitive, and back-pay damages at a rate allowable pursuant 42 U.S.C. Sec. 1981(b), as against each Defendant individually.

F. Plaintiff seeks Declaratory Relief pursuant to 28 U.S.C. Sec. 2201, for this Court to declare the rights of the parties in each Complaint separately.

G. Plaintiff seeks Injunctive Relief in the form of a Temporary Restraining Order, in Lieu of a Permanent Injunction, to Enjoin Defendants herein, and each of them, from continuing to violate the laws as outlined herein.

H. Plaintiff seeks court costs and all expenses associated with bringing and maintaining this action, to be awarded individually, jointly and severally against all Defendants, separately for each Claim.

I. Plaintiff seeks attorney fees under 42 U.S.C. Sec. 1988, and 28 U.S.C. Sec. 2412, and,

J. Such other and further relief as this Honorable Court may deem just and proper in the premises.

WHEREFORE, Plaintiff respectively requests the Court grant her all relief to which she seeks and is entitled.



## **DECLARATION OF TRUTH**

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, 28 U.S.C. Sec. 1746, that the foregoing is true and correct to the best of my knowledge.

Respectively Presented,

*/s/ Lesley Barr*
LESLEY BARR
3222 Snead Court
Richmond, VA 23224
(804) 240-4328
Plaintiff, Pro Se

Dated: April 25, 2017
Richmond, VA 23224

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
__RICHMOND__ DIVISION

__LESLEY BARR__
Plaintiff(s),

v.

__VIRGINIA ABC, et al.__
Defendant(s).

Civil Action Number: __3:17CV326__

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of __Verified Complaint__.
(Title of Document)

__LESLEY BARR__
Name of *Pro Se* Party (Print or Type)

__[signature]__
Signature of *Pro Se* Party

Executed on: __4-27-17__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)