IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LESLEY BARR,            )
                        )
        Plaintiff,      )
                        )
v.                      )    Civil Action No. 3:17-CV-326-HEH
                        )
VIRGINIA ALCOHOL BEVERAGE )
CONTROL, *et al.*,      )
                        )
        Defendants.     )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

*Pro se* Plaintiff Lesley Barr ("Plaintiff") brings this civil rights action alleging that she was unlawfully discriminated against when she was fired from her position as a sales associate with the Virginia Alcohol Beverage Control ("ABC").

This matter is before the Court on Defendants ABC, Kate Sheehan, and Beverly Anderson's (collectively, the "Defendants") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 9), filed on June 21, 2017.[1]

---

[1] The Office of the Attorney General of Virginia has entered an appearance as to all three Defendants. However, before that happened, Anderson filed an Answer *pro se*. (ECF No.7.) Subsequently, through her attorney, Anderson has attempted to join the instant Motion. (ECF No. 12.) The Court acknowledges Rule 12(b)'s requirement that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, because Plaintiff is proceeding *in forma pauperis*, her Complaint is subject to the requirement that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Accordingly, notwithstanding her Answer, the Court has the authority to dismiss this action as to Anderson. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) ("in both habeas corpus and in forma pauperis proceedings, the district courts are charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit").

Defendants included an appropriate Roseboro Notice with their Motion, as required by Local Civil Rule 7(K) and the Fourth Circuit's decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

All parties have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons stated herein, the Court will dismiss the Complaint in its entirety.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). At this stage, the Court's analysis is both informed and constrained by the four corners of Plaintiff's Complaint. Viewed through this lens, the facts are as follows.

Plaintiff is an openly gay African American woman. (*See* Compl. ¶¶ 23–25, ECF No. 4.) ABC hired her as a sales associate on October 4, 2010, and promoted her to lead sales associate on April 26, 2013. (*Id.* ¶ 5.) She worked at store number 187 in Richmond, Virginia, and earned $10.69 per hour. (*Id.* ¶¶ 5, 8.) While employed with ABC, Plaintiff applied for, but never received, any other promotions. (*Id.* ¶ 6.) Nonetheless, she regularly performed managerial functions at her store. (*Id.* ¶8.) Plaintiff alleges that a white female co-worker "was promoted to manager despite the fact

that she had not worked for [ABC] longer than [Plaintiff] nor had she performed managerial functions as [Plaintiff] had." (*Id.* ¶ 7.)

In 2015, Anderson began working as a sales associate at store 187. (*Id.* ¶ 11.) Plaintiff claims that Anderson continuously "preached" her Christian beliefs to other employees. (*Id.* ¶ 12.) Anderson also allegedly gave Plaintiff "inappropriate looks" and made comments under her breath about Plaintiff's sexual orientation. (*Id.*)

Anderson "communicated her feelings" about Plaintiff to Sheehan, the ABC regional manager. (*Id.* ¶ 13.) Sheehan, who Plaintiff claims is "pro-White," then directed the store manager to fire Plaintiff. (*Id.*)

ABC fired Plaintiff on March 18, 2016. (*Id.* ¶ 8.) Its justification was that Plaintiff had abused "discretionary breaks during working hours." (*Id.* ¶ 11.) Plaintiff alleges that this is merely pretext, because it was "conduct that every employee at Store 187 engaged in on a daily basis," yet no one else was fired or disciplined. (*Id.* ¶¶ 10–11.)

Plaintiff attempted to challenge her firing with ABC, but it denied the hearing that she requested. (*Id.* ¶14.) Thus, on September 12, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 15.) The EEOC charge alleged that ABC discriminated against Plaintiff because of her race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"). (ECF No. 10-1.) (EEOC File 15, ECF No. 14-1.) On January 26, 2017, the EEOC issued a ninety-day right to sue letter, which Plaintiff received in the mail January 28, 2017. (Compl. ¶16; EEOC File 5.) Plaintiff then filed this action on April 27, 2017.

3

The Complaint includes an array of federal and state causes of action. As best the Court can discern, Plaintiff raises twelve discrete claims: retaliation, race discrimination, gender discrimination, sexual orientation discrimination, and hostile work environment, all in violation of Title VII; wage discrimination and retaliation, in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"); violations of 42 U.S.C. §1983, 42 U.S.C. §1985(3), and 42 U.S.C. §1986; violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and common law intentional infliction of emotional distress.

## II. LEGAL STANDARDS

### a. 12(b)(1)

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. In resolving motions to dismiss under Rule 12(b)(1), a court may consider affidavits, depositions, or live testimony without converting the motion into one for summary judgment. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Furthermore, within the context of a Rule 12(b)(1) motion to dismiss, a court may resolve factual questions to determine whether it has subject-matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds, Sheridan v. United States*, 487 U.S. 392 (1988).

Because subject-matter jurisdiction implicates a federal court's constitutional power to act, it may be raised at any time either by the court *sua sponte* or by one of the parties. *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997). The burden of

demonstrating subject-matter jurisdiction resides with the Plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### b. 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### c. Liberal Construction of the *Pro Se* Plaintiff's Complaint

Although courts are not required to "conjure up questions never squarely

5

presented to them . . . [or] construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *pro se* complaints must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However "inartfully pleaded," *pro se* complaints must be held to less stringent standards than those drafted by skilled lawyers. *Id.*

### III. ANALYSIS

Employing the standards of review presented and allowing the *pro se* Plaintiff broad latitude in the construction of her Complaint, the Court will address all of her claims in turn.

#### a. Subject-Matter Jurisdiction

As a threshold matter, the Court must address whether it has subject-matter jurisdiction to hear this case. Defendants argue that the Court lacks subject-matter jurisdiction over Plaintiff's Title VII hostile work environment and retaliation claims because they were not alleged in her EEOC charge. They also contend that the Eleventh Amendment to the United States Constitution prevents the Court from asserting subject-matter jurisdiction over Plaintiff's claim of intentional infliction of emotional distress. The Court agrees with Defendants and will dismiss those claims for lack of subject-matter jurisdiction.

##### 1. Title VII Retaliation and Hostile Work Environment Claims

To have standing to bring suit under Title VII, a plaintiff must exhaust her administrative remedies by filing a discrimination charge with the Equal Employment

Opportunity Commission ("EEOC"). *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The purpose of this requirement is to put an employer on notice of the charge, permit the EEOC to investigate, and allow the parties to resolve the dispute without litigation. *See Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Bryant* 288 F.3d at 132 (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981).)

In this case, there is no indication that Plaintiff's EEOC charge could have reasonably led to an investigation concerning a hostile work environment or retaliation. On its face, the EEOC charge only alleges race and sex discrimination. (EEOC File 15.) And nothing in Plaintiff's EEOC file indicates otherwise. (*See generally id.*)

In her EEOC charge and supporting documents, Plaintiff made no allegations that Defendants retaliated against her. Significantly, Plaintiff's EEOC charge included no facts that would indicate that she engaged in any protected activity to base a retaliation claim. (*Id.*; *see Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (requiring engagement in a protected activity to recover for Title VII retaliation).)

Likewise, Plaintiff alleged no conduct in her EEOC charge that could be considered to have created a hostile work environment. (EEOC File 15.) To rise to the level of a hostile work environment, a plaintiff must be subject to harassment that is "sufficiently severe or pervasive to alter the conditions of employment and create an

abusive atmosphere." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The only facts in the EEOC file that could indicate the existence of a hostile work environment are that Anderson gave Plaintiff inappropriate looks and said things about Plaintiff under her breath. (EEOC File 31.) However, this is not the type of severe conduct necessary to establish a hostile work environment. Therefore, the scope of the EEOC investigation could not have been reasonably expected to expand to include hostile work environment.

Accordingly, Plaintiff's causes of action for retaliation and hostile work environment in violation of Title VII will be dismissed for lack of subject-matter jurisdiction because Plaintiff failed to exhaust her administrative remedies.

### 2. Intentional Infliction of Emotional Distress

The Eleventh Amendment to the United States Constitution "bar[s] suits brought by a citizen against his own state." *Equity In Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 107 n.12 (4th Cir. 2011) (citing *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 291 (4th Cir. 2001)). While the Commonwealth has waived its sovereign immunity through the Virginia Tort Claims Act ("VTCA"), the VTCA is not a waiver of Virginia's Eleventh Amendment immunity. *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987). Thus, while Virginia has consented to suit in Virginia courts under the VTCA, such suit may not be brought in a federal court.

Consequently, this Court does not have subject-matter jurisdiction over and will dismiss Plaintiff's state-law tort claim of intentional infliction of emotional distress as to

ABC.² *See Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008).

### b. Title VII Discrimination Claims

As an initial matter, the Court concludes that it has subject-matter jurisdiction over Plaintiff's Titile VII discrimination claims because she included them in her EEOC charge. (*See generally* EEOC file.)

To state a *prima facie* case of discrimination under Title VII, a plaintiff must allege "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd* 132 S. Ct. 1327 (2012).

Plaintiff makes the conclusory allegations that Defendants discriminated against her based on her sexual orientation, race, and gender.³ But, she has not pleaded a plausible claim of discrimination under any theory.

The first prong of the test disposes of Plaintiff's sexual orientation discrimination claim. "It is explicitly the law of the Fourth Circuit that Title VII does not protect against

---

² To the extent that Plaintiff is also attempting to assert an intentional infliction of emotional distress claim against Sheehan and Anderson in their individual capacities, the Complaint fails to state a plausible claim. To plead an actionable cause of action for intentional infliction of emotional distress, Plaintiff must allege that the emotional distress was extreme and so severe that no reasonable person could be expected to endure it. *Harris v. Kreutzer*, 271 Va. 188, 205 (2006). The Complaint's conclusory statement that Plaintiff "suffered extreme emotional distress" falls short of the mark. (Compl. ¶ 26.)

³ The Fourth Circuit has been clear that "Title VII . . . foreclose[s] individual liability." *Lissau v. Southern Food Serv.*, 159 F.3d 177, 180 (4th Cir. 1998). Therefore, to the extent that Plaintiff attempting to assert her Title VII claims against Sheehan and Anderson in their individual capacities, those claims will be dismissed with prejudice.

discrimination based on sexual orientation." *Hinton v. Virginia Union Univ.*, 185 F. Supp. 3d 807, 814, (E.D. Va. 2016) (citing *Murray v. N. Carolina Dept. of Pub. Safety*, 611 Fed. App'x 166 (4th Cir. 2015); *Wrightson v. Pizza Hut of Am., Inc.*, 99 F.3d 138, 143 (4th Cir. 1996) ("Title VII does not afford a cause of action for discrimination based upon sexual orientation")). Because Plaintiff's status as a lesbian is not protected, she has not, and cannot, state a Title VII claim based on sexual orientation discrimination. The Court will dismiss her sexual orientation discrimination claim with prejudice.[4]

Plaintiff's allegations of race and gender discrimination are deficient as well. While Plaintiff has adequately pleaded membership of a protected class as an African American female, she has failed to provide sufficient facts to satisfy the second or fourth prongs. The Complaint includes no facts that would indicate the Plaintiff had satisfactory job performance. To the contrary, Plaintiff alleges that "every employee"—which presumably includes her—regularly engaged in conduct that violated the ABC's discretionary break policy. (Compl. ¶¶ 10–11.) Additionally, while Plaintiff alleges that she was the only employee disciplined for that conduct, she omits any facts that would indicate that the other, non-disciplined employees were outside the protected class. Both of these flaws are fatal to her discrimination claims.

Even when construing *pro se* Plaintiff's Complaint liberally and viewing it in the light most favorable to her, the Court concludes that she has failed to state a plausible claim for discrimination under Title VII. Therefore, Plaintiff's claim for sexual

---

[4] Even if Title VII did protect against sexual orientation discrimination, Plaintiff still fails to state a plausible claim. She has not pleaded any facts indicating satisfactory job performance or that those treated differently were outside the protected class.

orientation discrimination will be dismissed with prejudice and her claims for race and gender discrimination will be dismissed without prejudice.

### c. EPA Claims

In addition to her Title VII claims, Plaintiff alleges that Defendants discriminated and retaliated against her in violation of the EPA.

To establish a plausible claim of wage discrimination under the EPA, a plaintiff bears the burden of showing: "(1) that her employer has paid different wages to employees of opposite sexes; (2) that said employees hold jobs that require equal skill, effort, and responsibility; and (3) that such jobs are performed under similar working conditions." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 613 (4th Cir. 1999) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). This disparity is typically shown by a "factor-by-factor" comparison to a specific male comparator. *Houck v. Va. Polytechnic Inst. and State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993).

In her Complaint, Plaintiff alleges that Defendants violated the EPA "by not giving her a raise to compensate her for the duties she was performing where male employees either performing the same tasks, or less, were paid at a higher rate." (Compl. ¶ 27.) However, conspicuously absent from the Complaint are any facts relating to Plaintiff's pay, job requirements, or working conditions. She has also failed to plead a male comparator. *See Strag v. Bd. of Trustees, Craven Cmty. Coll.*, 55 F.3d 943, 948 (4th Cir. 1995) (requiring plaintiffs in EPA cases to "identify a particular male 'comparator'"). Thus, Plaintiff has failed to state a plausible wage discrimination claim.

Plaintiff's EPA retaliation claim similarly fails. To properly state a retaliation claim under the EPA, a plaintiff is required to show: (1) that she engaged in a protected activity; (2) that Defendants took some adverse employment action against her; and (3) that a causal connection existed between the protected activity and the adverse action.[5] *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007); *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (citing *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)).

Plaintiff does not indicate what adverse employment action constitutes the basis for her EPA retaliation claim. But even if the Court assumes that Plaintiff is bringing this claim based on her denial of promotions and raises and her eventual termination, she still fails to state a plausible retaliation claim. The Complaint makes no mention of Plaintiff engaging in a protected activity, much less any causal connection to an adverse employment action. Lacking any factual foundation, Plaintiff's cause of action for retaliation under the EPA is precisely the type of claim prohibited by *Twombly* and *Iqbal*.

Accordingly, the Court will dismiss Plaintiff's EPA discrimination and retaliation claims without prejudice.

### d. Claims Under 42 U.S.C. §§ 1983, 1985(3), 1986

Plaintiff next alleges that Defendants "individually and collectively, jointly and severally, conspired to, and did, deprive [Plaintiff] of rights guaranteed under 42 U.S.C. sections 1983, 1985(3) and 1986 because she is a lesbian." (Compl. ¶ 29.) However, the

---

[5] The Court observes that the same standard is utilized for assessing both EPA and Title VII retaliation claims. *See Kennedy v. Va. Polytechnic Inst. & State Univ.*, 781 F. Supp. 2d 297, 303 (W.D. Va. 2011); *Harrison v. Principi*, Civil Action No. 3:03-1398, 2005 WL 4074516, at *7 (D. S.C. Aug. 31, 2005).

Court finds that she has failed to state a claim under any of those provisions.

### 1. §1983

Section 1983 provides a mechanism for seeking redress for an alleged deprivation of a litigant's federal constitutional and federal statutory rights by persons acting under color of state law.[6] Importantly, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Here, the Complaint fails to state a plausible §1983 claim because it does not reference any federal constitutional or statutory right of which Plaintiff has been deprived.[7] Accordingly, the Court will dismiss Plaintiff's § 1983 claim without prejudice.

### 2. § 1985(3)

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must plead:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting

---

[6] Relief through 42 U.S.C. § 1983 is limited to public officials sued in their individual capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Goodmon v. Rockefeller*, 947 F.2d 1186–87 (4th Cir. 1991). Accordingly, Plaintiff cannot recover under § 1983 from ABC or from Sheehan or Anderson in their official capacities.

[7] As a separate cause of action, Plaintiff alleges a procedural due process violation. While 42 U.S.C. § 1983 is the appropriate vehicle to bring that claim, Plaintiff has pleaded them independently. The Court will address Plaintiff's due process allegations *infra*.

*Simmons v. Poe*, 47 F.3d 1370, 1376, 1995 WL 82900 (4th Cir. 1995)). The Fourth Circuit has held that to properly allege a conspiracy, Plaintiff "must show an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons* 47 F.3d at 1377.) (alterations in original). Thus, a § 1985(3) claim is insufficient if "the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (quoting *Simmons* 47 F.3d at 1377.)

Here, Plaintiff's § 1985(3) claim fails because her allegations are insufficient to show an agreement or meeting of the minds by Defendants. Plaintiff has pleaded only that Anderson "communicated her feelings" to Sheehan who, "being pro-White, instructed the store manager" to fire Plaintiff. (Compl. ¶ 13.) Without any concrete facts, the Complaint simply fails to show that Anderson and Sheehan conspired to discriminate against Plaintiff because she is a lesbian.

Because the conspiracy is alleged in a merely conclusory manor, the Court will dismiss Plaintiff's § 1985(3) claim without prejudice.

### 3. § 1986

Plaintiff also brings a claim under 42 U.S.C. § 1986. That provision establishes liability for any person who has prior knowledge of a § 1985 conspiracy and has the ability to prevent it, yet fails to do so. In this case, because Plaintiff has failed to state a claim under 42 U.S.C. § 1985, her § 1986 claim necessarily fails as well.

Additionally, § 1986 has an express one year statute of limitations, providing that "no action under the provisions of this section shall be sustained which is not commenced

14

within one year after the cause of action has accrued." 42 U.S.C. § 1986. Plaintiff alleges that she was fired on March 18, 2016, but she did not initiate this action until April 27, 2017. As such, her § 1986 claim is time barred and will be dismissed with prejudice.

### e. Due Process Claim

Lastly, Plaintiff appears to allege that Defendants violated her procedural due process rights by firing her without prior notice or a hearing. However, because Plaintiff had no property interest in her continued employment, this claim fails.

"The procedural safeguards encompassed by the due process clause extend to [Plaintiff's] continued employment only if she had a property interest in that employment." *Pittman v. Wilson County*, 839 F.2d 225, 226 (4th Cir. 1988) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)). And "the sufficiency of the claim of entitlement must be decided by reference to state law." *Id.* (quoting *Bishop v. Wood*, 426 U.S. 341, 344 (1976)). The Virginia Code provides grievance procedures for the Commonwealth's employees subjected to formal disciplinary proceedings, including dismissals. *See* Va. Code Ann. § 2.2-3004. However, as authorized by statute, the Governor, through the Director of the Virginia Department of Human Resource Management, has expressly excluded hourly employees from participation in the Commonwealth's grievance procedures. *See* Va. Code Ann. §§ 2.2-2905(11), 2.2-1200; Va. Dep't of Human Res. Mgmt., Pol. & Procd. Manual, Pol. No. 2.20, Types of Employment (2007).

In this case, Plaintiff has pleaded that she was an hourly employee of ABC,

15

earning $10.69 at the time of her termination. The fact that Plaintiff regularly performed managerial functions at her store has no effect on her employment status under Virginia law. As an at-will employee, Plaintiff had no property interest in her continued employment with the ABC. Thus she was not entitled to grievance proceedings relating to her firing. The Court will dismiss her due process claim with prejudice.

## IV. CONCLUSION

Based on the forgoing, this case will be dismissed in its entirety. Plaintiff's sexual orientation discrimination claim under Title VII, her 42 U.S.C. § 1986 claim, and her procedural due process claim will all be dismissed with prejudice. All of her other claims will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 28 2017
Richmond, VA